"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH L. SIMPSON, <br>     Plaintiff, <br> v. <br> JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br>     Defendant. | Case No. ED CV 04-1076 AN <br><br> MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

The relevant background facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions.

1    In the JS, Plaintiff contends the ALJ erred by: (1) failing to properly consider the
2 opinions of her physicians, and (2) failing to obtain the testimony of a vocational expert.
3 The Commissioner disagrees.
4    After reviewing the parties' respective contentions and the record as a whole, the
5 Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed
6 by the Commissioner in her portions of the JS and the following reasons.
7    In a one-page, undated letter addressed to the Department of Social Services, one
8 of Plaintiff's physicians, Dr. Nasir, reported that Plaintiff suffers from asthma and
9 multiple sclerosis. [Administrative Record ("AR") at 157.] Dr. Nasir also reported that
10 Plaintiff has weakness and tenderness in the upper extremities, limitation of motion in
11 the lower extremities, and pain in her joints, knees, and muscles. [AR at 157.] The ALJ
12 addressed Dr. Nasir's findings in the decision but found Plaintiff has retained the
13 capacity for the "full use of the upper extremities for activities requiring pushing,
14 pulling, simple gripping, distal fine coordinated movements with the hands and fingers,
15 and operating hand controls and tools." [AR at 15.] Plaintiff contends that the ALJ
16 erred by failing to provide adequate reasons for rejecting Dr. Nasir's opinion with respect
17 to Plaintiff's upper extremities. [JS at 3-4.] Plaintiff's argument lacks merit.
18    In determining Plaintiff's residual functional capacity, the ALJ relied on the
19 findings and opinion of the consultative physician, Robert A. Moore, M.D. [AR at 13-
20 16, 205-08.] After conducting a neurological examination of Plaintiff, Dr. Moore
21 reported that Plaintiff's muscle tone, strength, and rapid alternating movements were
22 normal in the upper extremities. [AR at 207.] Dr. Moore concluded that Plaintiff has
23 full use of the upper extremities for pushing, pulling, operating hand controls and using
24 tools, and is capable of performing unrestricted gripping and distal fine coordinated
25 movements with the hands and fingers. [AR at 208.] Because Dr. Moore's opinion was
26 based on independent, clinical findings, the ALJ's decision to reject Dr. Nasir's
27 conflicting opinion was supported by substantial evidence. *See Andrews v. Shalala*, 53
28 F.3d 1035, 1041 (9th Cir. 1989). Further, the ALJ appropriately discounted Dr. Nasir's

opinion because it was not adequately supported by clinical records or treatment records. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)(finding that ALJ may reject the opinion of a treating physician if it is conclusory and brief and unsupported by clinical findings).

Plaintiff's claim that the ALJ failed to address Dr. Moore's opinion that Plaintiff suffers from "gait instability" also lacks merit. [JS at 8; AR at 208.] The ALJ properly accounted for this limitation in assessing Plaintiff's residual functional capacity. [AR at 15.] Specifically, the ALJ found that Plaintiff would have difficulty operating foot controls with the left leg, could not stand and/or walk more than four to six hours in an eight-hour workday, and could not climb, balance, or work at heights. [AR at 15.]

Finally, Plaintiff claims the ALJ erred by not eliciting the testimony of a vocational expert regarding the impact of her nonexertional limitations on her ability to perform her past work. [JS at 8.] Plaintiff is mistaken. Because the burden of proof at step four is with Plaintiff to establish that she cannot return to her past relevant work, the ALJ was not required to engage a vocational expert. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)(a vocational expert's testimony useful but not required at step four). Testimony of a vocational expert may be required only at step five, after the burden has shifted to the Commissioner. *Id*.

### III. CONCLUSION

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:     November 2, 2005          /s/ Arthur Nakazato
                                     ARTHUR NAKAZATO
                                     UNITED STATES MAGISTRATE JUDGE